I must respectfully dissent from that portion of the opinion holding that the release signed by Vincent when he closed his safe-deposit boxes was ambiguous. The Bank argues that the release, which states that the Bank is released from "all liability," entitled it to a judgment as a matter of law. I agree. The release is in no way ambiguous. See, generally, Regional Health Servs., Inc. v. Hale County Hosp. Bd.,565 So.2d 109, 111, 113 (Ala. 1990) (discussing ambiguity in release language). A customer like Vincent signs a release when he closes his safe- deposit boxes; therefore, the customer would have no further relationship with the Bank regarding those safe-deposit boxes. The plain language of the release document releases the Bank from all liability in connection with the safe-deposit boxes; this language clearly includes any liability for past negligence regarding the now closed safe-deposit boxes. I would reverse *Page 92 
the judgment and remand with instructions for the trial court to enter a judgment as a matter of law in favor of the Bank.
Thompson, J., concurs.